## JAMES D. RUSSELL v. WILLIAM GRIMES.

### [FILED MAY 6, 1891.]

Mortgages: FORECLOSURE: SHERIFF: AMERCEMENT. One R. had a mortgage for a large amount upon certain real estate. One B. also had a second mortgage on said real estate and a first lien on other real estate. One H. also had a second mortgage on said real estate. There were also junior mortgages. An action was brought by B. to foreclose his mortgage and other mortgages, but R.'s mortgage not being due he was not made a party. A sale was had under the decree of foreclosure and the land purchased by H. for $1,100. The sale was confirmed and a deed made to H. In the meantime R. had purchased the decree of B. and obtained a quitclaim deed from H. upon paying him the amount of his claim and costs, there being testimony tending to show that the aim of R. was to aid the mortgagor in the payment of the claims. With this understanding, apparently, the sheriff made a deed to H. without exacting from him the purchase money. In a proceeding by R. to amerce the sheriff for not paying over the amount due on the Buffam decree, *held*, upon the foregoing facts, that the sheriff was not liable.

REHEARING of case reported 27 Neb., 812.

*S. P. Davidson*, for plaintiff in error.

*A. M. Appelget, contra.*

See former report for contentions of counsel.

PER CURIAM.

This case was before this court more than one year ago, and an opinion filed which is reported in 27 Neb , 812,

the judgment of the court below being affirmed. A re-hearing was afterwards granted and the case is again sub-mitted.

The facts are stated in the former opinion, and are, sub-stantially, that the plaintiff had a mortgage for a large amount, which was not due, upon certain real estate; that one Buffam also had a second mortgage upon said real es-tate and a first mortgage upon other real estate, and that one Harmon had a second mortgage upon the real estate upon which Buffam had a first mortgage and upon other real estate. There were also junior liens. The amount found due Buffam on the mortgage was $860.76, and the amount due Harmon $419.20. There was a third lien in favor of one Spicknell for $750, and also one in favor of one Hassett for $440.40, all of said incumbrances drawing ten per cent interest. The property was appraised and sold subject to certain liens to Harmon for the sum of $1,100. After this purchase by Harmon, the plaintiff, as some of the testimony shows, desiring to aid the mort-gagor in settling the incumbrances, purchased Buffam's claim and took an assignment thereof to himself. The sale to Harmon was confirmed and a sheriff's deed made to him. The plaintiff then purchased Harmon's claim, paying him the amount of his decree with interest thereon, being $462.30, and obtained a quitclaim deed of his interest in the property.

The contention of the plaintiff is that, as Harmon had purchased the property for $1,100, out of which the Buf-fam decree was to be paid before any part of the Harmon debt was paid, and as he is the assignee of the Buffam de-cree, therefore, he is entitled to the money; and as the sheriff made a deed to the purchaser without exacting the purchase price, he is liable. This would be true if the testimony sustained the plaintiff's contention, but it does not.

It is very evident from the testimony before us that all

50

that the plaintiff purchased from Harmon was his interest in the property without the Buffam decree. It was well known to Harmon that the plaintiff had purchased the Buffam decree, and the purpose for which the purchase was made seems to have been known, viz., to aid the mortgagor. All parties seem to have acted upon this understanding, hence the defendant did not exact the purchase money from Harmon, which, had he done, the plaintiff would have been compelled to pay the amount due on the Buffam decree in order to redeem from Harmon and obtain a quitclaim deed. This, the testimony clearly shows, he did not do. The property, so far as appears, is of sufficient value to pay all the claims against it, and no reason is shown why Harmon should take less for the amount of his own claim and the face value thereof. If it was sought to compel Harmon to pay the entire $1,100 the court should order a reconveyance upon his refunding the $462.30, but that question is not before the court. The plaintiff has obtained all that he contracted for with Harmon and is in no situation to complain, and the defendant is not liable to be amerced.

The judgment of the district court is right and is

AFFIRMED.

.THE other judges concur.